IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
AT LAS CRUCES

JUN 15 2006

MATTHEW J. DYKMAN
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CRIMINAL NO. 06-1081JH |
| ALEJANDRO JURADO-TENA, ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **ALEJANDRO JURADO-TENA**, and the defendant's counsel, PETER EDWARDS:

### REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

   d. against compelled self-incrimination.

51.

## **WAIVER OF RIGHTS AND PLEA OF GUILTY**

3. The defendant hereby agrees to waive these rights and to plead guilty to an indictment filed charging violation of 21 U.S.C. § 846, that being conspiracy to possess with intent to distribute 50 kilograms and more of marijuana, a Schedule I controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## **SENTENCING**

4. The defendant understands that the maximum penalty the Court can impose is:

- a. imprisonment for a period of not more than twenty (20) years;
- b. a fine not to exceed $1,000,000.00;
- c. a mandatory term of supervised release of not less than three (3) years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release); and
- d. a mandatory special penalty assessment of $100.00.

5. The parties recognize that the Sentencing Guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. It is expressly understood and agreed by and between the defendant and the United States that:

a. The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P., any request made by the defendant or on behalf of the defendant for a particular sentence in this case, other than the stipulations agreed to in paragraph 7, below.

      b.     The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32(c), Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

      c.     The defendant recognizes that this plea agreement has already conferred a benefit upon the defendant and that no downward departure is appropriate. Consequently, in return for the benefit conferred on the defendant by entering into this agreement, the defendant agrees not to seek a downward departure or "adjustment" from the applicable offense level or criminal history category as determined by the Court. This specifically precludes any claim by the defendant, pursuant to U.S.S.G. § 4A1.3, that the criminal history category overstates the seriousness of defendant's criminal history. If the defendant, in violation of this paragraph, should nevertheless seek a downward departure or adjustment, the United States reserves the right, in its sole discretion, to withdraw this plea agreement and to proceed to trial on all charges before the Court.

## STIPULATIONS

7.     The United States and the defendant stipulate as follows:

      a.     Pursuant to U.S.S.G. § 2D1.1(c), the parties stipulate that the defendant is responsible for approximately 90.39 kilograms of Marijuana.

      b.     Pursuant to U.S.S.G. § 3E1.1(a), the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Consequently, the defendant is entitled to a reduction of two (2) levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States Probation officer who prepares the presentence report in

3

this case in which the defendant clearly establishes the defendant's entitlement to this reduction.

    c.    Provided the defendant meets the requirements of U.S.S.G. §3E1.1(b), the government agrees to move for a reduction of one (1) additional level from the base offense level as calculated under the sentencing guidelines.

    d.    Pursuant to U.S.S.G. § 3B1.2, the defendant was a minimal participant in the criminal activity underlying this agreement. Consequently, the defendant is entitled to a reduction of four (4) levels from the base offense level as calculated under the sentencing guidelines.

    e.    If the defendant meets all of the criteria set forth at 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, including providing a complete and truthful statement to the Government concerning all information and evidence the defendant has about the offense or offenses that were part of the same course of conduct underlying this agreement, the defendant is entitled to a reduction of two (2) levels, pursuant to U.S.S.G. § 2D1.1(b)(9).

    f.    Pursuant to U.S.S.G. § 5K3.1 and the early disposition program authorized by the Attorney General and the United States Attorney, the government agrees to move at sentencing for a departure of four (4) additional levels from the base offense level as calculated under the sentencing guidelines.

    g.    The United States and the defendant agree that the defendant is not a citizen of the United States and that the defendant is a native and citizen of Mexico. The United States, the defendant's counsel, and the defendant agree that the defendant has no legal immigration status within the United States. This plea agreement is contingent upon the defendant's not collaterally attacking nor contesting in any manner reinstatement of the defendant's prior deportation/removal order, if applicable. By signing this plea agreement, defendant hereby waives all challenges, constitutional or otherwise, to

reinstatement of the defendant's deportation/removal order. Defendant understands and knowingly waives any right the defendant may have to a hearing on the question of the defendant's removal from the United States before an immigration judge, or any other authority under the Immigration and Nationality Act.

    h.    The defendant recognizes and understands that this plea agreement with the United States is expressly contingent on co-defendants, **David Silva-Tapia, Sergio Lemus-Esquivel, Jose Leon-Gordiano, Oscar Sanchez-Oliva and Adalberto Velazques-Acosta**, also entering a plea of guilty, at the same time, in conformity with their individual plea agreements with the United States. The United States reserves the right, in its sole discretion, to revoke the plea agreements pertaining to the defendant and co-defendants, should the defendant and co-defendants fail to enter guilty pleas in accordance with their individual agreements with the United States, or attempt to withdraw those guilty pleas.

    8.    The United States and the defendant understand that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. The defendant understands and agrees that if the Court does not accept any one or more of the above stipulations, the defendant hereby waives the right to appeal the Court's rejection of such stipulations.

## **DEFENDANT'S OBLIGATIONS**

    9.    Truthful and complete information:

    a.    The defendant and defendant's counsel understand defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to, the defendant's true identity, any other

names the defendant has used, any town where the defendant has lived, and the defendant's citizenship status. The defendant and defendant's counsel hereby represent that the defendant has complied with and will continue to comply with this obligation. The defendant and defendant's counsel understand that any withholding or misrepresentation with respect to the above obligation may, in the sole discretion of the United States, be considered a breach of this plea agreement.

        b.     The defendant and defendant's counsel understand defendant's obligation to provide the United States with all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan -- including but not limited to prior trips from Mexico to the United States carrying marijuana and trips planned for the future, the defendant's role and actions in furtherance of the offense(s) and the roles and actions of other participants in the offense(s). The defendant and defendant's counsel further understand and agree that the United States, in its sole discretion, will determine whether to interview the defendant prior to sentencing, and whether the defendant has been truthful and complete.

        c.     The defendant agrees that, if called by any party at any judicial proceeding, the defendant will provide truthful and complete testimony regarding the roles and actions of other participants in the above offense(s). Defendant understands and agrees that such testimony is an essential part of this plea agreement and that if defendant does not testify truthfully and completely when called as a witness by any party, the United States, at its sole option, may withdraw this plea agreement. The defendant and the defendant's counsel agree, therefore, that at the option of the United States, the sentencing in this case may be deferred until defendant's co-defendant has pled guilty or proceeded to trial and has been sentenced.

## WAIVER OF APPEAL RIGHTS

10. The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal this conviction and/or any sentence within the statutory maximum authorized by law. In addition, the defendant agrees to waive any collateral attack to this conviction and/or sentence pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

## GOVERNMENT'S AGREEMENT

11. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico.

12. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

13. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

14. The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may

declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the indictment filed in this case, as well as perjury, false statement, and obstruction of justice.

## SPECIAL ASSESSMENT

15.     At the time of sentencing, unless in its sole discretion the United States moves the Court to remit the special penalty assessment, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $100.00, in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

16.     This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this _15th_ day of _JUNE_, 2006.

DAVID C. IGLESIAS
United States Attorney

CLINTON J. JOHNSON
Assistant U.S. Attorney
555 S. Telshor Blvd., Ste. 300
Las Cruces, NM 88011
(505) 522-2304 - Tel.
(505) 522-2391 - Fax

8

I have read this agreement, or have had it read to me in Spanish, and have carefully reviewed every part of it with my attorney. I understand the agreement and have voluntarily signed it.

*[signature]*
ALEJANDRO JURADO-TENA
Defendant

*[signature]*
PETER EDWARDS
Attorney for Defendant

N:\TArguello\ATTYS\Clint Johnson\DRUGS\BACKPACKERS\Jurado-Tena et al\BP(C) PA (Jurado-Tena).wpd